# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 28, 2007

Rehearing No. 540

130802-03

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MICHIGAN CITIZENS FOR WATER
CONSERVATION, R. J. DOYLE, BARBARA
DOYLE, JEFFREY R. SAPP and SHELLY M.
SAPP,
        Plaintiffs-Appellants/
        Cross-Appellees,

v

NESTLÉ WATERS NORTH AMERICA INC.,
        Defendant-Appellee/
        Cross-Appellant,
and

DONALD PATRICK BOLLMAN and NANCY
GALE BOLLMAN, a/k/a PAT BOLLMAN
ENTERPRISES,
        Defendants.

SC: 130802-3
COA: 254202; 256153
Mecosta CC: 01-014563-CE

_____/

In this cause, a motion for rehearing is considered, and it is DENIED.

CAVANAGH and KELLY, JJ., would grant rehearing.

WEAVER, J., dissents and states as follows:

I would grant plaintiffs' motion for reconsideration and reverse the holding[1] of the majority of four (Chief Justice Taylor and Justices Corrigan, Young, and Markman) that plaintiffs do not have standing to bring a claim under the Michigan environmental

---

[1] *Michigan Citizens for Water Conservation v Nestlé Waters North America Inc*, 479 Mich ___ (2007).

protection act[2] with respect to the Osprey Lake Impoundment and wetlands 112, 115, and 301.

Further, I would grant plaintiffs' motion for reconsideration to consider whether the majority of four's holding violated plaintiffs' right "to petition the Government for a redress of grievances," a right guaranteed by the First Amendment of the United States Constitution.[3] The importance of this issue stems not only from the instant case, but also from various other holdings by the same majority denying citizens protection of the laws and access to the Michigan court system, even when legal rights may have been violated. See *Kreiner v Fischer*, 471 Mich 109 (2004) (reducing no-fault insurance rights); *Maldonado v Ford Motor Co*, 476 Mich 372 (2006) (preventing trial by jury); *Bierlein v Schneider*, 478 Mich 893 (2007) (preventing an injured child from utilizing an existing Michigan court rule to collect a settlement); and *Trentadue v Buckler Automatic Lawn Sprinkler Co*, 479 Mich ___ (2007) (eliminating the common-law discovery rule, thereby depriving a plaintiff of an opportunity to file a good-faith claim and of access to courts).

---

[2] MCL 324.1701 *et seq.*

[3] US Const, Am I forbids Congress, in pertinent part, from passing laws abridging "the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." The First Amendment applies to the states through the Fourteenth Amendment. *Mills v Alabama*, 384 US 214, 218 (1966).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 28, 2007

_____
Clerk

t0925